UNITED STATES
DISTRICT COURT
MIDDLE DISTRICT OF
FLORIDA
OCALA DIVISION

Gusie Ruffin, individually and on behalf of all others
similarly situated;

Civil Action No._____

Plaintiff,

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

-v.-

Forest Recovery Services LLC
and John Does 1-25.

Defendant,

Plaintiff Gusie Ruffin (hereinafter, "Plaintiff"), a Florida resident, brings this Class Action

Complaint by and through her attorneys, Zeig Law Firm, LLC against Defendant Forest Recovery

Services LLC (hereinafter "Defendant FRS"), individually and on behalf of a class of all others

similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon

information and belief of Plaintiff's counsel, except for allegations specifically pertaining to

Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.      Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA")

in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt

collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of Florida consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.      Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.      Plaintiff is a resident of the State of Florida, County of Marion, residing at 410 Locust Road, Ocala FL 34472.

8.      Defendant FRS is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 117 South Cook Street, #167, Barrington, IL 60010 and may be served with process upon Patricia Garcia, its registered agent for service of process at 111 West Main Street, Suite 206, Inverness, FL 34450.

9.      Upon information and belief, Defendant FRS is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.      John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11.      Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12.      The Class consists of:

      a.   all individuals with addresses in the State of Florida;

      b.   to whom Defendant FRS sent a collection letter attempting to collect a consumer debt;

      c.   that deceptively states that "payment is due for services received on --/--/----," without actually providing the date that service was received;

      d.   which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

13.     The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14.     Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15.     There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ l692e.

16.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff

nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

17.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a.  **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b.  **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 USC §l692e.

c.  **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d.  **Adequacy:** The Plaintiff will fairly and adequately protect the interests of  the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered 1-21 above herein with the same force and effect as if the same were set forth at length herein.

21.    Some time prior to August 6, 2019 an obligation was allegedly incurred to Ocala Family Medical Center.

22.    The Ocala Family Medical Center obligation arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes, specifically personal medical services.

23.     The alleged Ocala Family Medical Center obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

24.     Defendant FRS, contracted with Ocala Family Medical Center to collect the alleged debt.

25.     Defendant FRS collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

### *Violation – August 6, 2019 Collection Letter*

26.     On or about August 6, 2019 Defendant FRS sent Plaintiff a collection letter (the "Letter") regarding the alleged debt owed to Ocala Family Medical Center. **See Exhibit A**.

27.     The letter states in part: "Our records indicate that, as of the date of this letter, payment is due for services received on -/--/----."

28.     The letter makes a deceptive statement by indicating that it will inform the consumer of the date of services for which the consumer is being charged but never actually supplies the date, instead merely has blank lines in place of the date.

29.     It is deceptive to indicate that the consumer will be provided with the date of services and to not actually provide that date.

30.     Moreover, the alleged debt at issue is a medical debt and the consumer cannot properly identify her account by the account number alone as there could be many charges to one account number from different dates and therefore it is crucial that the Defendant properly inform the consumer of the date of the charges.

31.     Defendant made deceptive and misleading representations when they mislead the

Plaintiff by stating that payment is due for services on a specific date, indicating that a date

would be provided, without actually providing any date.

32.     As a result of Defendants' deceptive, misleading and unfair debt collection practices,

Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e
### *et seq.*

33.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs

1-37 herein with the same force and effect as if the same were set forth at length herein.

34.     Defendants' debt collection efforts attempted and/or directed towards the Plaintiff

violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

35.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or

misleading representation or means in connection with the collection of any debt.

36.    Defendant violated said section by making a false and misleading representation in violation of

§1692e(10).

36.    By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants'

conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs

and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

37.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests

a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Gusie Ruffin, individually and on behalf of all others similarly situated,

demands judgment from Defendant FRS as follows:

1.    Declaring that this action is properly maintainable as a Class Action and certifying

Plaintiff as Class representative, and Justin Zeig, Esq. as Class Counsel;

2.    Awarding Plaintiff and the Class statutory damages;

3.    Awarding Plaintiff and the Class actual damages;

4.    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and

expenses;

5.    Awarding pre-judgment interest and post-judgment interest; and

6.    Awarding Plaintiff and the Class such other and further relief as this Court may deem

just and proper.

    Dated:   March 30, 2020                                        Respectfully Submitted,

                                                        **ZEIG LAW FIRM, LLC**

                                                        Justin Zeig, Esq.
                                                        FL Bar No. 112306
                                                        3475 Sheridan Street, Suite 310
                                                        Hollywood, FL 33021
                                                        Telephone: 754-217-3084
                                                        Fax: 954-272-7807

justin@zeiglawfirm.com
*Attorneys for Plaintiff*